**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOHNNY MINES III,**

      **Petitioner,**

      **v.**

**UNITED STATES OF AMERICA,**

      **Respondent.**

                 **Case No. 2:18-cv-549**
                 **Crim. No. 2:17-cr-00091**
                 **Chief Judge Edmund A. Sargus, Jr.**
                 **Chief Magistrate Judge Elizabeth P. Deavers**

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Amended Motion to Vacate under 28 U.S.C. § 2255. This matter is before the Court on the Amended Motion (ECF Nos. 44, 51), Respondent's Motion to Dismiss and Response (ECF Nos. 50, 57), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that the Motion to Dismiss (ECF No. 50) be **GRANTED**, and that this action be **DISMISSED**.

**Facts and Procedural History**

On June 1, 2017, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and § 924(a)(2), and one count of possession with intent to distribute heroin and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C). (ECF Nos. 9, 15.) On October 12, 2017, the Court imposed an aggregate term of eighty months imprisonment, to be followed by three years supervised release. (ECF No. 32.) Petitioner did not file an appeal.

On June 4, 2018, he filed this Motion to Vacate under 28 U.S.C. § 2255, asserting as his sole ground for relief that the Court erred in enhancing his sentence two points under U.S.S.G. §

3C1.1 for obstruction of justice,[1] increasing his recommended sentence under the advisory United States Sentencing Guidelines from 57-71 to 70-87 months incarceration.  On June 28, 2018, the Respondent filed a Motion to Dismiss the claim as barred under the terms of Petitioner's Plea Agreement, whereby Petitioner waived his right to appeal the sentence unless it exceeded the statutory maximum, as well as the right to collaterally attack his conviction in a motion under 28 U.S.C. § 2255.  (ECF No. 9, PAGEID # 22-23.  Petitioner then amended the Motion to Vacate to assert a claim for ineffective assistance of counsel based on his attorney's failure to object to the two level increase of his recommended Guideline sentence under U.S.S.G. § 3C1.1, and failure to file an appeal of the adverse ruling on that objection.  (ECF No. 51.)  This claim is not barred under the terms of Petitioner's Plea Agreement.[2]  It is the position of the Respondent that this claim is without merit.

**Standard of Review**

Section 2255 of Title 28, United States Code, provides:

A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

---

[1] U.S.S.G. § 3C1.1 provides:

If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense, increase the offense level by 2 levels.

[2] Petitioner reserved his right to raise claims of ineffective assistance of counsel and prosecutorial misconduct.  Plea Agreement (ECF No. 9, PAGEID # 23.)

2

28 U.S.C. § 2255(a).  In order to obtain relief under 28 U.S.C. § 2255, a petitioner must establish the denial of a substantive right or defect in the trial that is inconsistent with the rudimentary demands of fair procedure.  *United States v. Timmreck*, 441 U.S. 780, 783 (1979); *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (*per curiam*).  Relief under 28 U.S.C. § 2255 is available when a federal sentence was imposed in violation of the Constitution or laws of the United States or when the trial court lacked jurisdiction, when the sentence was in excess of the maximum sentence allowed by law, or when the judgment or conviction is "otherwise subject to collateral attack."  *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991).  In the absence of constitutional error, the question is "whether the claimed error was a 'fundamental defect which inherently results in a complete miscarriage of justice.' "  *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 428–429 (1962)); *see also Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2006).  Further, failure to raise non-constitutional claims at trial or on direct appeal results in a waiver on collateral review except where the errors amount to something akin to a denial of due process.  Accordingly, claims that could have been raised on direct appeal, but were not, will not be entertained on a motion under § 2255 unless the petitioner shows (1) cause and actual prejudice sufficient to excuse his failure to raise the claims previously or (2) that he is "actually innocent" of the crime.  *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2001) (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)) (internal citations omitted).

> [A] court may only grant relief under § 2255 if the petitioner demonstrates " 'a fundamental defect which inherently results in a complete miscarriage of justice.' " Id. at 736 (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)). A petitioner further bears the burden of articulating sufficient facts to state a viable claim for relief under § 2255. Vague and conclusory claims which are not substantiated by allegations of specific facts with some probability of verity are not enough to warrant relief. A § 2255 motion may be dismissed if it only makes conclusory statements without substantiating allegations of specific facts and fails to state a claim cognizable under § 2255. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961).

*United States v. Noble*, No. 1:14-cr-135, 2017 WL 626130, at \*3 (N.D. Ohio Feb. 15, 2017).

**Motion to Dismiss**

As discussed, under the terms of his negotiated Plea Agreement, Petitioner waived his right to appeal his sentence "except if the sentence imposed exceeds the statutory maximum" and also waived his right to collaterally attack his conviction and sentence by way of a motion under 28 U.S.C. § 2255, except as to claims of the denial of the effective assistance of counsel or prosecutorial misconduct. (ECF No. 9, PAGEID # 22-23.) "A defendant may waive any right, including a constitutional right, in a plea agreement if the waiver is knowingly and voluntarily made[, and t]his includes the right to appeal one's sentence." *United States v. Wilson*, 675 F. App'x 526, 529 (6th Cir. 2017) (citing *United States v. Toth*, 668 F.3d 374, 377-78 (6th Cir. 2012); *United States v. Wilson*, 436 F.3d 672, 674 (6th Cir. 2006); *see also Cox v. United States*, 695 F. App'x 851, 853 (6th Cir. 2017) (citing *Davila v. United States*, 258 F.3d 448, 450 (6th Cir. 2001)). "It is well settled that a defendant in a criminal case may waive 'any right, even a constitutional right,' by means of a plea agreement." *United States v. Fleming*, 239 F.3d 761, 763-64 (6th Cir. 2001) (quoting *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995)). "To be valid, the waiver simply must have been entered into knowingly and voluntarily." *Cox*, 695 F. App'x at 853 (citing *Davila,* 258 F.3d at 451)). Petitioner does not allege, and the record does not reflect, that he did not knowingly, intelligently and voluntarily waive his appellate rights under the terms of his Amended Plea Agreement. Petitioner indicated at the time of his guilty plea hearing that he understood and agreed with those terms, that he had not been forced or threatened into entering the guilty plea, and he expressed satisfaction with the advice and representation of his attorney. (ECF No. 46, PAGEID # 197-98.) He explicitly indicated that he understood that he was giving up his right to appeal, and had discussed the issue with counsel. (PAGEID # 199.) Therefore, it

4

is **RECOMMENDED** that Respondent's Motion to Dismiss (ECF No. 50) Petitioner's underlying claim that Court improperly applied a two point enhancement of his sentence U.S.S.G. § 3C1.1 be **GRANTED** as waived under the terms of Petitioner's Plea Agreement.

**Ineffective Assistance of Counsel**

Petitioner asserts that he was denied the effective assistance of counsel.

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). In order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that counsel's performance was deficient, or that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed" by the Sixth Amendment, and that this deficient performance prejudiced the petitioner. *Id*. at 687. This showing requires that defense counsel's errors were so serious as to deprive the defendant of a fair and reliable trial. *Id*.

"Surmounting *Strickland's* high bar is never an easy task." *Padilla v. Kentucky*, 599 U.S. 356, 371 (2010). Given the difficulties inherent in determining whether an attorney's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." *Strickland,* 466 U.S. at 689. Nevertheless, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id*. at 691. Therefore, a petitioner must also establish prejudice in order to prevail on a claim of ineffective assistance of counsel. *Id*. at 692.

In order to establish prejudice, a petitioner must demonstrate that a reasonable probability exists that, but for counsel's errors, the result of the proceedings would have been different. *Id*. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the

outcome." *Id.* Because a petitioner must satisfy both prongs of Strickland in order to demonstrate ineffective assistance of counsel, should a court determine that the petitioner has failed to satisfy one prong, it need not consider the other. *Id.* at 697.

A petitioner may challenge the entry of a plea of guilty on the basis that counsel's ineffectiveness prevented the plea from being knowing and voluntary. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). *Strickland's* two-part test applies to challenges to guilty pleas based on a claim of ineffective assistance of counsel. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985); *Sparks v. Sowders*, 852 F.2d 882, 884 (6th Cir. 1988). In order to obtain relief on that basis, however, a petitioner raising such a claim must first show that counsel's advice was not within the range of competence demanded of attorneys in criminal cases. *Hill,* 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

> The second, or "prejudice" requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill*, 474 U.S. at 59; *Sparks*, 852 F.2d at 884.

Petitioner asserts that he was denied the effective assistance of counsel at sentencing. The record indicates that the probation officer included a two point enhancement in Petitioner's recommended Guideline sentence for obstruction of justice under U.S.S.G. § 3C1.1 for allegedly threatening to kill Christopher Hopkins on May 28, 2017, firing three gun shots outside of Hopkins' residence, and making threatening phone calls. PreSentence Investigation Report, ¶¶47, 48. Defense counsel objected to the two-level increase in Petitioner's recommended Guideline sentence under U.S.S.G. § 3C1.1 for his obstruction of justice, as Petitioner denied these allegations, and the complaint against him had been dismissed. See Addendum to the PreSentence

6

Investigation Report; Sentencing Memorandum of Johnny Mines, III (ECF No. 29); Sentencing

Transcript (ECF No. 47, PAGEID #207-15.)  Defense counsel further argued that the government

could not establish this enhancement applied by a preponderance of evidence, as the allegations

were not credible and lacked any corroborating evidence.  Sentencing Transcript (ECF No. 47,

PAGEID # 210-14.)  The Court overruled the objection, but granted defense counsel's remaining

objections, thereby reducing Petitioner's recommended Guideline sentence from between 121 to

151 months imprisonment to 70 to 87 months.  (PAGEID # 2115.)  Therefore, Petitioner cannot

establish the denial of the effective assistance of counsel based on his attorney's failure to object

to the two point enhancement of his sentence under U.S.S.G. § 3C1.1.

Petitioner asserts that he was denied the effective assistance of counsel because his attorney

thereafter failed to file an appeal.  The failure of an attorney to file a timely appeal upon the

defendant's request constitutes ineffective assistance of counsel.

> [E]very Court of Appeals that has addressed the issue has held that a lawyer's
> failure to appeal a judgment, in disregard of the defendant's request, is ineffective
> assistance of counsel regardless of whether the appeal would have been successful
> or not. *See Castellanos v. United States*, 26 F.3d 717, 719 (7th Cir. 1994); *United
> States v. Peak,* 992 F.2d 39, 42 (4th Cir. 1993); *United States v. Horodner*, 993 F.2d
> 191, 195 (9th Cir. 1993); *Bonneau v. United States*, 961 F.2d 17, 23 (1st Cir. 1992);
> *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991); *Williams v. Lockhart,*
> 849 F.2d 1134, 1137 n. 3 (8th Cir. 1988). We agree with those courts and hold that
> the failure to perfect a direct appeal, in derogation of a defendant's actual request,
> is a per se violation of the Sixth Amendment.

*Ludwig v. United States*, 162 F.3d 456, 459 (6th Cir. 1998).

> [A] lawyer who disregards specific instructions from the defendant to file a notice
> of appeal acts in a manner that is professionally unreasonable. *See Rodriquez v.
> United States*, 395 U.S. 327, 89 S. Ct. 1715, 23 L.Ed.2d 340 (1969); *cf. Peugeot v.
> United States*, 526 U.S. 23, 28, 119 S. Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen
> counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal
> without showing that his appeal would likely have had merit"). This is so because
> a defendant who instructs counsel to initiate an appeal reasonably relies upon
> counsel to file the necessary notice. Counsel's failure to do so cannot be considered

7

a strategic decision; filing a notice of appeal is a purely ministerial task, and the
failure to file reflects inattention to the defendant's wishes.

*Roe v. Flores-Ortega*, 528 U.S. 470, 478 (2000).  Petitioner does not allege, and the record does

not indicate, that he requested his attorney to file an appeal.  To the contrary, Petitioner stated at

sentencing that he did not want to file an appeal:

> COURT:  Mr. Mines, I'm also required to review with you your right to appeal the
> sentence I've just given you.  If you wish to appeal, you must file a written notice
> within 14 days from today.  If you are unable to afford the filing fee or a lawyer to
> represent you, you may apply to this court, and the filing fee may be waived and a
> lawyer appointed to represent you.
>
> Do you understand all of that?
>
> DEFENDANT:  Yes, Your Honor.
>
> COURT:  Do you wish to appeal the sentence I've just given you?
>
> DEFENDANT:  No, Your Honor.
>
> COURT:  Again, you have 14 days if you change your mind.

Sentencing Transcript (ECF No. 47, PAGEID # 223-24.)

Additionally, Petitioner's former defense counsel, Attorney Dennis W. McNamara,

indicates that, had Petitioner asked him to file an appeal, counsel would have filed the appeal, but

Petitioner did not, and had waived his right to file an appeal of his sentence under the terms of his

Plea Agreement.  The first time that Petitioner asked McNamara about filing an appeal was months

after the time limit for filing an appeal had expired.  Affidavit (ECF No. 56, PAGEID # 250.)

Counsel responded to Petitioner in a letter dated March 7, 2018, advising Petitioner that an appeal

would not have assisted him, in any event, because the Court imposed a legal sentence.  (PAGEID

# 253.)  Indeed, Petitioner points to nothing in the record indicating that he directed his attorney

to file an appeal within the time permitted by law.

Petitioner has failed to establish the denial of the effective assistance of counsel.

**Recommended Disposition**

Therefore, the Undersigned **RECOMMENDS** that Respondent's Motion to Dismiss (ECF No. 50) be **GRANTED,** that this action be **DISMISSED**.

## Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

 s/ *Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
Chief United States Magistrate Judge