# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

JOHNNY MINES III,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

CASE NO. 2:19-CV-4297
CRIM. NO. 2:17-CR-00091
JUDGE EDMUND A. SARGUS, JR.
Chief Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Petitioner, a federal prisoner, brings this Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 68.) This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2255 Proceedings in the United States District Courts, which provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion[.]" For the reasons that follow, such are the circumstance here. The Undersigned therefore **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

## I. Facts and Procedural History

On June 1, 2017, Petitioner pleaded guilty pursuant to the terms of his Plea Agreement to two counts of possession of a firearm by a convicted felon and one count of possession with intent to distribute heroin and crack cocaine. (ECF Nos. 9, 15.) On October 12, 2017, the Court imposed an aggregate term of eighty months imprisonment, to be followed by three years supervised release. (ECF No. 32.) Petitioner did not file an appeal. On June 4, 2018, he filed a Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 44.) On June 29, 2018, he filed a motion

to amend the § 2255 motion. (ECF No. 51.) On February 22, 2019, the Court issued an order dismissing the Amended Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 60.) On August 15, 2019, the United States Court of Appeals for the Sixth Circuit denied Petitioner's application for a certificate of appealability. (ECF No. 65.)

On September 18, 2019, Petitioner filed this second Motion to Vacate under 28 U.S.C. § 2255. (ECF No. 68.) He asserts that he was denied the effective assistance of counsel at sentencing because his attorney failed to file an appeal after being requested to do so. Plainly, however, this action constitutes a successive § 2255 action.

## II. Successive § 2255 actions

28 U.S.C. § 2244(b)(3)(A) states that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for a writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Nelson v. United States*, 115 F.3d 136 (2nd Cir. 1997); *Hill v. Hopper*, 112 F.3d 1088 (11th Cir. 1997). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curia*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Nunez v. United States*, 96 F.3d 990 (7th Cir. 1996).

That being the case, this Court is without jurisdiction to entertain a second or successive § 2255 action absent authorization from the Sixth Circuit.

### III.  Recommended Disposition

The Undersigned therefore **RECOMMENDS** that this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation.  See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

                                                 _s/ *Elizabeth A. Preston Deavers*
                                                 Elizabeth A. Preston Deavers
                                                 Chief United States Magistrate Judge