UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

v.

**JOHNNY MINES III,**

      **Defendant.**

Case No. 2:17-cr-91
JUDGE EDMUND A. SARGUS, JR.

### OPINION AND ORDER

This matter is before the Court on a Motion for Compassionate Release filed by Defendant Johnny Mines III ("Defendant"). (ECF No. 86.) The Government opposes Defendant's release. (ECF No. 89.) For the following reasons, the Court **DENIES** Defendant's Motion for Compassionate Release.

### I.

On June 1, 2017, Defendant pleaded guilty to two counts of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), and one count of Possession with Intent to Distribute heroin and crack cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (ECF No. 15.) Defendant appeared before this Court for sentencing on October 12, 2017 and received a sentence of 80 months' imprisonment followed by a three-year term of supervised release. (ECF No. 32.) Due to the COVID-19 pandemic, Defendant now asks the Court for a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). (ECF No. 86.)

1

**II.**

Since Congress passed the Sentencing Reform Act of 1984, federal law has authorized courts to reduce the sentences of federal prisoners with extraordinary health concerns and other hardships, but only under very limited circumstances. *See United States v. Ruffin*, 978 F.3d 1000, 2020 U.S. App. LEXIS 33689, at *8 (6th Cir. 2020); *see also* Pub. L. No. 98–473, ch. II(D) § 3582(c)(1)(A), 98 Stat. 1837 (1984). Prior to the passage of the First Step Act of 2018, a district court could grant compassionate release sentence reductions only upon motion by the Director of the Bureau of Prisons ("BOP"). *See id.*

On December 21, 2018, Section 603(b) of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194, modified 18 U.S.C. § 3582(c)(1)(A) to allow a sentencing court to reduce an imposed sentence. The statute provides:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendants' facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

As the Court of Appeals explained in *Ruffin*, the statute contains "three substantive requirements for granting relief." *Ruffin*, 2020 U.S. App. LEXIS 33689, at *9. First, the court must initially find that "extraordinary and compelling reasons warrant such a reduction." *Id.* (citing § 3582(c)(1)(A)). Second, before granting a reduced sentence, the Court must find "that

2

such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at *11. But district courts may skip this second step and have "full discretion to define 'extraordinary and compelling' without consulting the policy statement U.S.S.G. § 1B1.13" when an incarcerated person files the motion for compassionate release, because § 1B1.13 is not an "applicable" policy statement when an incarcerated person files the motion. *United States v. Jones*, — F.3d —, No. 20-3701, 2020 WL 6817488, at *8–9 (6th Cir. Nov. 20, 2020). Third and finally, even if the Court finds that extraordinary and compelling reasons exist, the Court may not grant a release before considering the sentencing factors set forth in § 3553(a). *Ruffin*, 2020 U.S. App. LEXIS 33689, at *12. This last step gives the Court "substantial discretion" in deciding whether to reduce or modify a sentence. *Id.*

### III.

Defendant requests a compassionate release. He argues that he has a high risk of contracting severe COVID-19 because he has diabetes and because the conditions of confinement at FCI Ashland make social distancing impossible. (ECF No. 86.) He argues that he has been a model inmate at FCI Ashland, has completed over 50% of his sentence, and is not a danger to the community. (*Id.*) Defendant submitted a request for release to the warden on June 15, 2020, which was denied. (ECF No. 86-1.) Defendant has satisfied the administrative requirements of § 3582(c)(1)(A) and the Court has authority to decide this motion.

The Government opposes Defendant's release. (ECF No. 89.) The Government argues that the Court should deny Defendant's motion because: (1) the Court should defer to the BOP's ongoing effort to maximize home confinement in response to the pandemic; (2) Defendant has not established extraordinary and compelling reasons justifying his release; (3) the sentencing factors

do not support release; and (4) Defendant is a danger to the community. (*See id.*) The Court agrees with the Government that Defendant should not be granted a compassionate release.

In this case, even if Defendant could show extraordinary and compelling reasons, the sentencing factors set forth in 18 U.S.C. § 3553(a) weigh heavily against granting a compassionate release. *See Ruffin*, 2020 U.S. App. LEXIS 33689, at *19 ("We have repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief."); *see also United States v. McGuire*, 822 F. App'x 479, 480 (6th Cir. 2020) (affirming district court's denial of compassionate release based on the § 3553(a) factors even assuming that Defendant demonstrated extraordinary and compelling circumstances). Before granting compassionate release, the Court is required to consider whether such release would comport with the § 3553(a) sentencing factors. § 3582(c)(1)(A). Those factors are as follows:

>  (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>  (2) the need for the sentence imposed—
>
>  > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>  >
>  > (B) to afford adequate deterrence to criminal conduct;
>  >
>  > (C) to protect the public from further crimes of the defendant; and
>  >
>  > (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner[.]

§ 3553(a).

Every factor weighs against granting Defendant a compassionate release. As the Court noted at sentencing, there are several troubling factors in this case. The criminal conduct here was severe. The investigation into Defendant began in 2015 when Columbus police officers responded

to a report of a shooting at Defendant's residence.  Officers later executed a search warrant at the residence, revealing several firearms (which Defendant was prohibited from possessing on account of his prior felony convictions), crack cocaine, heroin, and thousands of dollars in U.S. currency.  Even after this search warrant was executed, officers purchased crack cocaine and heroin from Defendant in early 2016 using confidential informants.  Defendant possessed a firearm during these illicit transactions.  When Defendant was arrested in 2017, officers found heroin and crack cocaine in his possession.

After his arrest for this offense, Defendant's criminal conduct persisted.  He threatened to kill an individual whom he believed to be a witness against him in this case.  Immediately after Defendant appeared before this Court to plead guilty on June 1, 2017, the Columbus Police took him into custody for witness intimidation.  As Defendant was being processed at the Franklin County Jail, law enforcement discovered crack cocaine on his person.  Thus, Defendant was in possession of crack cocaine when he appeared before this Court to plead guilty to the instant offense.

Defendant's history and characteristics, considered together with the nature and circumstances of this offense, only hurt his case for release.  Defendant has a lengthy criminal history that was not adequately reflected in his Sentencing Guidelines' calculation.  Despite his prior interactions with the legal system, Defendant engaged in a pattern of dangerous criminal conduct culminating in the sentence he now serves.  Furthermore, Defendant still has a significant amount of time remaining on his 80-month sentence.  Releasing Defendant from confinement with only slightly more than 50% of his sentence served would in no way "reflect the seriousness of the offense," "promote respect for the law," "provide just punishment for the offense;" "afford adequate deterrence to criminal conduct;" "protect the public from further crimes of the

defendant;" or provide Defendant "with needed educational or vocational training[.]" § 3553(a)(2).  The Court commends Defendant for the steps he has taken toward rehabilitation, but such an early release from confinement would not comport with the § 3553(a) factors.

## IV.

Accordingly, the Court **DENIES** Defendant's Motion for Compassionate Release.  (ECF No. 86.)

**IT IS SO ORDERED.**

**12/8/2020**                                         **s/Edmund A. Sargus, Jr.**
**DATE**                                              **EDMUND A. SARGUS, JR.**
                                                        **UNITED STATES DISTRICT JUDGE**